| Case No. | CV 11-2779 CAS (FFMx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | STARCLIPZ, LLC ET AL. V. STARGREETZ, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   (In Chambers:) **PLAINTIFFS' MOTION TO REMAND** (filed 4/18/11)

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** (filed 05/05/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I.  INTRODUCTION & BACKGROUND

On February 28, 2011, plaintiffs StarClipz, LLC, Mark Lieber, and Adam Newman filed a complaint against defendants StarGreetz, Inc., Eric Frankel, Lucy Hood, and Linda Abrams in the Los Angeles Superior Court. The complaint alleges claims for: (1) violations of Cal. Bus. and Prof. Code § 17200; (2) violations of Cal. Trade Secrets Act; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) breach of fiduciary duty; (6) fraud; (7) negligent misrepresentation; (8) interference with prospective economic advantage; (9) conversion; (10) unjust enrichment; and (11) declaratory relief. On April 18, 2011, plaintiffs filed an amended complaint, adding a claim for equitable explusion from LLC.

On April 1, 2011, defendants timely removed the instant action to this Court pursuant to 28 U.S.C. §§ 1441(a), (b), and (e), on the basis that the complaint "alleges disguised copyright infringement claims that are expressly preempted by the federal Copyright Act of 1976." Notice of Removal at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-2779 CAS (FFMx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | STARCLIPZ, LLC ET AL. V. STARGREETZ, INC. ET AL. | | |

On April 18, 2011, plaintiffs filed a motion to remand the case to the Los Angeles Superior Court. On April 25, 2011, defendants filed an opposition to plaintiffs' motion. On May 2, 2011, plaintiffs filed a reply in support of its motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

## III. DISCUSSION

The parties do not dispute that, on its face, plaintiff's complaint alleges only state law claims. Instead, defendant argues that removal is proper because at least plaintiff's first, eighth, ninth, tenth, and eleventh claims are completely preempted by the Copyright Act.[1] Defendant argues that while plaintiffs' complaint also alleges the theft of a business idea, which is not within the subject matter of copyright law, "[a]t least one of Plaintiff's claims [for conversion] is premised solely on the alleged misappropriation of Plaintiffs' copyrightable material. And several of Plaintiffs' other claims are premised in part on those allegations. To the extent that Plaintiffs' claims against Defendants are based on the allegation that Defendants have stolen Plaintiffs' copyrightable materials, they are preempted by federal law. Accordingly, this Court has subject-matter jurisdiction over this action." Opp. at 1.

---

[1] Defendant correctly addresses the claims as they are alleged in the original, rather than the amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-2779 CAS (FFMx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | STARCLIPZ, LLC ET AL. V. STARGREETZ, INC. ET AL. | | |

Where removal is based on preemption of state law claims by the Copyright Act, the court is required to undertake a two-part analysis. "The first question is whether the work at issue comes within the subject matter of copyright. If the works at issue are within the subject matter of copyright, courts are to undertake a second step in the preemption analysis, asking whether the rights granted under state law are 'equivalent to any of the exclusive rights within the general scope of copyright.'" Chesler/Perlmutter Prods., Inc. v. Fireworks Entertainment, Inc., 177 F. Supp. 2d 1050, 1057 (C.D.Cal. 2001) (internal citations omitted). With respect to the first question, "[f]or preemption purposes, ideas and concepts that are fixed in a tangible medium fall within the scope of copyright." Montz v. Pilgrim Films & Television, Inc., 2011 WL 1663119 at *4 (9th Cir. May 4, 2011). With respect to the second, "[t]o survive preemption, a state cause of action must assert rights that are qualitatively different from the rights protected by copyright." Id.

The Court concludes that plaintiffs' allegations include the "extra elements" that preclude a finding of preemption. Chesler/Perlmutter Prods., Inc., 177 F. Supp. 2d at 1059. The gravamen of plaintiffs' complaint is that defendants induced them to enter into a business partnership and then wrongfully excluded them from the fruits of that partnership. Any alleged misappropriation of plaintiffs' copyrightable materials is incidental rather than central to plaintiffs' claims. Proceeding claim by claim through those argued by defendants to be preempted, the Court concludes as follows.

Plaintiffs' unfair competition and interference with prospective economic advantage claims are not preempted by the Copyright Act. Plaintiffs' unfair competition claim is predicated primarily on defendants' alleged breaches of contract and fraud, which are not preempted, and therefore plaintiffs' unfair competition claim is also not preempted. See Eagle Rock Entertainment, Inc. v. Coming Home Productions, Inc., 2003 WL 25781234 at *6 (C.D. Cal. Dec. 12, 2003)(finding plaintiff's unfair competition claims not to be preempted where they "are not solely based on violations of the copyrighted material"); Cavalier v. Jim Henson Co., Inc., 2000 WL 33968969 at * 2 (C.D. Cal. Apr. 3, 2000) (rejecting a preemption argument on the basis that "the extra elements involved in proving a misappropriation of trade secrets claim or a theft of ideas claim would . . . constitute 'extra elements' under the unfair competition cause of action"). Similarly, plaintiffs' interference with prospective economic advantage, is premised on defendants' alleged misappropriation of trade secrets. Because the primary allegedly wrongful acts underlying these two claims infringe upon rights that are outside

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | O |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | CV 11-2779 CAS (FFMx) | Date | May 17, 2011 |
| Title | STARCLIPZ, LLC ET AL. V. STARGREETZ, INC. ET AL. | | |

the scope of the Copyright Act, the Court concludes that these two claims are not preempted.

     The Court further finds that plaintiffs' conversion claim is not preempted. See Eagle Rock Entertainment, Inc., 2003 WL 25781234 a *6 (C.D.Cal. Dec. 12, 2003) ("[c]onversion of tangible property protected by copyright law is not preempted by the Copyright Act"); Oddo v. Ries, 743 F. 2d 630, 635 ("[c]onversion of tangible property involves actions different from those proscribed by the copyright laws and thus is not preempted") (9th Cir. 1984). The Court rejects defendants' argument to the contrary based on Firooze v. Earthlink Network, 153 F. Supp. 2d 1115 (N.D. Cal. 2001). Firooze is distinguishable from this case because the Court there concluded that the plaintiff was not alleging that the defendants "wrongfully obtained possession" over his software, but rather that they "wrongfully reproduced [it] without his permission"; here, plaintiffs have specifically alleged that plaintiffs wrongfully "took possession of Plaintiffs' assets without Plaintiffs' consent or knowledge." Firooze, 153 F. Supp. 2d at 1130, Compl. at ¶ 108. Lastly, the Court finds that plaintiffs' unjust enrichment claim also is not preempted because it "goes beyond an allegation' that the defendants violated an implied promise, based on the parties' relationship, not to use the works." Chesler/Permultter Prods., Inc., 177 F. Supp. 2d at 1059.

## IV. CONCLUSION

     In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion to remand the case to state court. The Court therefore DENIES defendants' motion to dismiss as moot.

     IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |